## PITKIN v. WILCOX.

(*Supreme Court, General Term, Third Department.*   November 26, 1890.)

LIMITATION OF ACTIONS—CLAIMS AGAINST ADMINISTRATORS.

  W. died intestate in 1862, and L., his administrator, died in 1868, leaving goods unadministered.   L. was succeeded by H., who died in 1875, without rendering an account.   In 1877 appellant succeeded H.   In the same year respondent was appointed administrator of H.   In 1889 appellant, who was then the only next of kin of W., instituted proceedings to compel respondent to account, as representative of H., for the goods of W. unadministered.   *Held,* that if the proceedings were taken under Code Civil Proc. N. Y. § 2606, they were barred by the lapse of ten years, and if they were taken as next of kin by the lapse of six years.   LANDON, J., dissenting.

Appeal from surrogate's court, Saratoga county.

Proceeding by William F. Pitkin as administrator *de bonis non* of George Wilcox, deceased, against Eliza A. Wilcox as administratrix of Hiram Wilcox, deceased, for an accounting.   The surrogate denied the application, and petitioner appeals.   For order denying motion to dismiss appeal, see 11 N. Y. Supp. 943.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*C. S. Lester,* for appellant.   *L. Varney,* for respondent.

MAYHAM, J.   This is an appeal from an order of the surrogate of Saratoga county, denying an application of the appellant for an order to compel the respondent to account.   The case was heard and disposed of by the surrogate, on the petition and answer.   The petition alleged that, in the year 1862, George W. Wilcox died, intestate, and in the same year Lester Wilcox, his brother, was duly appointed administrator of the goods, chattels, and credits of the deceased; that, in 1867 or 1868, Lester Wilcox died, leaving goods, chattels, and credits of his intestate unadministered; that on the 23d of November, 1868, Hiram Wilcox, another brother, was appointed administrator *de bonis non* of said George W. Wilcox; and that certain personal property enumerated in the petition came into his possession as such administrator; and that he filed inventory of the same, and died on the 25th day of March, 1875, without rendering any account as administrator.   On the 7th day of February, 1877, the appellant on this appeal was appointed administrator *de bonis non* of the said George W. Wilcox, deceased, to succeed Hiram, and his letters are still in force.   On the 12th of March, 1877, Eliza A. Wilcox, the respondent herein, was appointed administratrix of Hiram Wilcox, her deceased husband, but has filed no inventory, and rendered no account of the goods, chattels, and credits held by her deceased husband in his own right, or as administrator *de bonis non* of George W. Wilcox, deceased.   The petitioner further alleged that the mother of the petitioner was the only next of kin of George W. Wilcox, deceased; that she died, intestate, before the filing of the petition in this proceeding, leaving the petitioner, her only next of kin. On this petition citations tested on the 11th of November, 1889, were issued to the respondent, who appeared and filed his answer, alleging (1) that it appeared from the face of the petition that more than 7 years had elapsed since the appointment of respondent as administratrix; (2) that the proceedings herein to compel her to account are barred by the statute of limitation; that more than 7 years had elapsed since her appointment; (3) that the petition was barred by the statute of limitation, on the ground that more than 10 years had elapsed since her appointment as administratrix; (4) that the statute of limitation had run against Hiram Wilcox, administrator *de bonis non,* on the ground that 6 years, and over, had elapsed from the time of his appointment to his death; (5) that from the time Hiram Wilcox was appointed administrator, to the time respondent was appointed administratrix, the 7-years statute of limitation had run against the petitioner, to-wit, over 8 years, and the claim was barred by the statute of limitation; (6) that, by reason of the

statute of limitations having run against the petitioner's claim, the surrogate has no jurisdiction to compel an accounting.

The only question raised by the petition and answer, and the only one dis-·cussed on this appeal, is as to whether the claim of the petitioner is barred by the statute of limitation. If this claim is barred by the statute of limitations, then it was the duty of the respondent to set it up in this proceeding. "An executor or administrator is bound to set up the bar of the statute of limitations, and he would not be allowed, in this accounting, any sum paid upon a debt which, at the time of its payment by him, was barred by such :statute." *Butler* v. *Johnson*, 111 N. Y. 212, 18 N. E. Rep. 643. If, therefore, at the time the petitioner instituted these proceedings, on the 11th day of November, 1887, the claim of the personal representative of George W. Wilcox .against the estate of Hiram Wilcox was barred by the statute, it was the right and the duty of the respondent to interpose that defense. It is not quite .apparent from the petition whether these proceedings are instituted by the petitioner as administrator *de bonis non* of George W. Wilcox, deceased, under the provisions of section 2606 of the Code of Civil Procedure, or as heir at law ·or next of kin under the Revised Statutes. The petition is in his name as an individual, but describes him as·occupying both relations to the estate of ·George W. Wilcox. If he proceeded as next of kin, it seems well settled, no disabilities being alleged, the limitation of six years would control. If the application was not made, and the proceedings instituted, within that time, the petitioner would be bound by the six-years limitation. *Drake* v. *Wilkie*, 30 Hun, 539, 540; *In re Latz*, 33 Hun, 618–621. As next of kin, the petitioner, after the expiration of one year from the granting of letters, could have cited respondent to account before the surrogate, (Code Civil Proc. § 2724,) and could, ·on that account, compel a distribution of the estate, and payment to him of his distributive share,·and, in analogy to actions at law to recover a demand .that was due, the statute would at the time of the accruing of that right commence to run, and at the end of six years from that time, the claim would, un-less the running of the statute were suspended by the commencement of proceedings, be barred.· *Butler* v. *Johnson, supra.* In *Re Van Dyck*, 44 Hun, .394, the court held that an application on the part of the next of kin to compel an executor or administrator to account was a proceeding upon a liability, not .arising upon a judgment, and came within the provisions of subdivision 1 of section 382 of the Code of Civil Procedure, and must be prosecuted within six years after the right to require an accounting shall have accrued. If, therefore, the petitioner proceeded as next of kin, the right of proceeding would .have been barred on and after the 12th of March, 1884, and as the petition was not filed until November 11, 1889, his proceedings would be barred.

We are inclined to the opinion that the petitioner, being the only next of .kin, was bound to proceed within six years after his right accrued, or show the existence of some disability existing during that time which prevented the statute from running, and that he ought not to be permitted to lie by and allow .a claim which he had a clear right to enforce to become stale, upon the theory ·that there are cumulative remedies, one given him as next of kin, and the other as administrator *de bonis non*. But if, under the provisions of the ·Code, and the decisions, he may do so still, we think this proceeding barred ·by the statute of limitations. In *Re Latz, supra*, it was held that an administrator *de bonis non*, in moving, under section 2606 of the Code, to compel an accounting of the administrator of his deceased predecessor, was not con-·current with any right of action in an heir at law, and was not, therefore, within the 6-years limitation, but would come within that of 10 years. Applying the 10-years limitation and it would still seem that the proceedings were barred at the time of filing this petition. The petition was filed November 11, 1889. The respondent was appointed March 12, 1877. Allowing, as we must, one year for disability before which an accounting can be enforced, and

we still have 10 years, 7 months, and 29 days between the time of the ma-
turing or accruing of this right, and that of the commencement of the pro-
ceedings. The order of the surrogate dismissing the petition of the appel-
lant was right, and must be affirmed. Order affirmed, with costs and printing
disbursements.

LEARNED, P. J., concurs.

LANDON, J. I cannot concur. The remedy given by section 2606, Code
Civil Proc., was new. This section took effect in 1880. The statute of limit-
ation is 10 years. *In re Latz*, 33 Hun, 618. The limitation did not begin
to run till the section took effect. Therefore the 10 years had not expired.